**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

UNITED STATES OF AMERICA              CRIMINAL ACTION NO. 23-00082-01

VERSUS                                JUDGE S. MAURICE HICKS, JR.

STACY DESHANE BORNER                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Before the Court is Defendant Stacy Deshane Borner's ("Borner") Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. See Record Document 103. The Government opposes the Motion. See Record Document 106.

A motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 is subject to a one-year statute of limitations. The limitations period runs from the latest of four possible dates, including "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). A conviction becomes final when the time for filing a direct appeal expires. See Clay v. United States, 537 U.S. 522, 527 (2003). When a defendant does not file a notice of appeal, finality attaches upon the expiration of the fourteen-day period for filing a direct appeal under Federal Rule of Appellate Procedure 4(b). See United States v. Plascencia, 537 F.3d 385, 388 (5th Cir. 2008).

In this matter, the Court entered judgment on March 8, 2024 (Record Document 87). Because Borner did not file a direct appeal, his conviction became final fourteen days later, when the time for filing a notice of appeal expired. Accordingly, the one-year limitations period for filing a motion under § 2255 expired on March 22, 2025.

Borner did not file the present motion within that time period. Rather, Borner filed a *pro se* "Motion to Correct an Illegal Sentence" on August 18, 2025 (Record Document

100).  The Court denied that Motion on August 20, 2025, noting that Borner may have been attempting to file a Motion under § 2255. See Record Document 101. On September 3, 2025, Borner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Record Document 103). Even if the Court uses August 18, 2025, as the filing date, the motion was still filed at least 5 months past the deadline. Further, Borner has not demonstrated that equitable tolling should apply.

The statute provides alternative dates for the limitations period, including the removal of a governmental impediment, the recognition of a newly established right made retroactively applicable by the Supreme Court, or the discovery of new facts through due diligence. See 28 U.S.C. § 2255(f)(2)–(4). Here, the record does not reflect any facts that would trigger the application of these alternative provisions.

Borner's motion seems to argue that he believed he would receive a sentence in the range of 24 to 30 months but was instead sentenced to 51 months of imprisonment. However, at the time of his guilty plea, Borner was advised that the Court was not bound by any sentencing estimates and that no one could promise him a specific sentence. Additionally, Borner's signature appears on his plea agreement (Record Document 46) which states the maximum term of imprisonment. Borner was sentenced within the applicable advisory guideline range, and nothing in the record suggests that his plea was induced by any binding promise regarding the sentence. Accordingly, the claim would fail even if the Court were to reach the merits.

Accordingly,

**IT IS ORDERED** that Borner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Record Document 103) is **DENIED**.

2

THUS DONE AND SIGNED, in Shreveport, Louisiana, this 17th day of March, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT